**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1706
_____

TONNESHA KIDD,
                              Appellant

v.

LOURDES MEDICAL CENTER AT BURLINGTON;
JANE DOE; JOHN ROE; ABC 1-CORPORATION,
(Fictitious name practices for identities)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:19-cv-12115)
District Judge:  Honorable Karen M. Williams

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2025
Before:  HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: June 13, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tonnesha Kidd sued her former employer, Lourdes Medical Center ("Lourdes"), relating to the termination of her employment. When the parties settled the case, Kidd agreed to release Lourdes from "any and all claims," including claims for "retaliation of any kind" and claims under "the Civil Rights Act of 1866." ECF No. 25-1.

Then Kidd pursued another lawsuit against Lourdes relating to her termination, alleging retaliation and a violation of the Civil Rights Act of 1866. ECF No. 1 at 5. Lourdes moved to dismiss Kidd's complaint, attaching the release to its motion. Kidd opposed the motion and moved for default judgment. The District Court denied the motion for default judgment and provided notice that it was converting the motion to dismiss into a motion for summary judgment so that it could consider documents outside the pleadings. Kidd then moved under Rule 56(d) of the Federal Rules of Civil Procedure, arguing that she needed additional discovery to respond to the summary-judgment motion. The District Court denied that motion, and Kidd moved for reconsideration of that decision as well as the decision denying default judgment. The District Court held a hearing on the pending motions and denied Kidd's motions for reconsideration and granted Lourdes's converted motion for summary of judgment. Kidd timely moved for reconsideration and filed a notice of appeal. The District Court later denied Kidd's motion for reconsideration, and Kidd amended her notice of appeal to challenge that order, too.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to convert the motion to dismiss to a motion for summary judgment and its grant of summary judgment. See In re Rockefeller Ctr. Props., Inc. Sec.

2

Litig., 184 F.3d 280, 287 (3d Cir. 1999); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). We review the District Court's rulings on the motions for a default judgment, the Rule 56(d) motion, and the motions for reconsideration largely for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 310 (3d Cir. 2011); Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) ("We review a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error.").

Kidd argues that the District Court should have awarded her default judgment because Lourdes failed to file a timely answer to her complaint after having "initially refus[ed] service and stall[ed] the matter." 3d Cir. Doc. No. 44 at 30. But the District Court docket reflects that Lourdes timely filed a motion to dismiss (raising a litigable defense) after Kidd served Lourdes. See ECF Nos. 22, 23, & 24. While Kidd had previously sought and obtain[ed] extensions of time to serve Lourdes because, inter alia, service had been refused she did not provide evidence to the District Court that she had served the right person. Under the circumstance of this case, the District Court did not abuse its discretion in declining to grant a default judgment on consideration of the three factors that control the analysis, namely "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164 (explaining also that culpable conduct is conduct that is willful or in bad faith).

The District Court also did not abuse its discretion in converting Lourdes's motion to dismiss into a motion for summary judgment. In particular, the District Court converted Lourdes's motion to dismiss so it could consider the release signed by Kidd, and the District Court gave the parties adequate notice of its intention to convert the motion, as required.[1] See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d at 287.

We also discern no abuse of discretion in the District Court's denial of Kidd's Rule 56(d) motion. Under that rule, a court may allow additional time to take discovery when a litigant "shows . . . that, for specified reasons, [she] cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). While these motions are typically granted "almost as a matter of course," the District Court did not err in denying Kidd's motion where her showing focused on a general case for taking discovery, see ECF No. 46, and where additional factual discovery was unnecessary for the reasons given by the District Court. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 230 (3d Cir. 1987) (citation omitted).

The District Court properly granted summary judgment in favor of Lourdes. There were no genuine issues of material fact regarding the nature or terms of the settlement agreement. In consideration of a payment to settle Kidd's claims in an earlier lawsuit regarding her employment with Lourdes, Kidd agreed to release Lourdes from "any and all claims," including claims for "retaliation of any kind" and claims under "the Civil Rights Act of 1866." ECF No. 25-1. Despite her arguments to the contrary, the

---

[1] Additionally, we disagree with Kidd's contention that the District Court's instructions were unclear in the order converting the motion to dismiss.

4

claims she then pursued in the underlying suit, <u>see</u> ECF No. 1 at 5, were clearly precluded by the release she had signed, as the District Court explained in further detail, <u>see</u> ECF No. 65 at 33-37.  Kidd also has argued in the District Court and now argues on appeal she should not be bound by the settlement agreement.  But we agree with the District Court, <u>see</u> ECF No. 65 at 37-41, that Kidd has not presented anything that puts the validity or enforceability of the settlement agreement in question.

Additionally, we conclude that the District Court did not abuse its discretion in denying Kidd's motions for reconsideration.  Simply put, Kidd did not provide any basis for reconsideration.  <u>See</u> <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a motion for reconsideration may be used "to correct manifest errors of law or fact or present newly discovered evidence") (citation and quotation marks omitted).

For these reasons, we will affirm the District Court's judgment.[2]

---

[2] Kidd's motion to file an overlength reply brief is granted.  Her motion to strike the supplemental appendix and her request for oral argument are denied.